MICHELSON, administrator, *v.* LAVIN.

BLECKLEY, C. J.—There is no merit whatever in any of the grounds of the motion for a new trial; the damages do not appear to be excessive, and no cause for reversing the judgment appears.

October 15, 1894.                                *Judgment affirmed.*

Action for slander.  Before Judge SWEAT.  Glynn superior court.  May term, 1893.

SYMMES & BENNET, by HARRISON & PEEPLES, for plaintiff in error.  HARRIS & SPARKS and F. H. HARRIS, *contra.*

---

DAWSON WATER-WORKS CO. *v.* CARVER *et al.*

SIMMONS, C. J.—There was no error in refusing to enjoin the payment by the city for the water it had already consumed, whether the contract between it and the water-works company for the full period contemplated thereby was valid and binding upon the city or not; but at the hearing of the application for the interlocutory injunction, the question of the validity of this contract for future supplies of water was not properly for determination, and therefore nothing stated with reference to this question in the order passed by the presiding judge is conclusive upon the parties.

*The judgment is affirmed, with direction that the order be construed as herein indicated.*

November 26, 1894.

Petition for injunction.  Before Judge GRIGGS.  Terrell county.  September 8, 1894.

The petition was brought by citizens and tax-payers of Dawson, to restrain the mayor and council from paying, and the water-works company from collecting, $1,000 about to become due from the city to the company for water furnished in the first six months of 1894 by the company to the city for fire purposes, etc.; and to restrain defendants from further carrying out the contract between them; and to declare that contract void. Upon the petition, the demurrer and answer of the company, and the evidence submitted, the judge denied the